In re ROSENBLATT et al.

(District Court, E. D. Pennsylvania. April 22, 1907.)

No. 2,420.

1. BANKRUPTCY—COMPROMISE OF CRIMINAL PROSECUTION—APPROVAL.
    A court of bankruptcy will not encourage or approve an agreement between the trustee and creditors of the bankrupts not to furnish any evidence against the bankrupts in any criminal prosecution, and not to institute such prosecution in consideration of certain transfers of property to the trustee and an increase in the assets by a fund raised by the friends and relatives of the bankrupts for their benefit.

2. SAME—DISPOSITION.
    Where a court of bankruptcy refused to approve an agreement between bankrupts and their trustee and certain creditors, because it involved a compromise on the question of a criminal prosecution against such bankrupts in consideration of a payment of certain funds to the trustee by third persons, the court would not interfere with or control the disposition of the amount so paid among the creditors.

In Bankruptcy.

W. Horace Hepburn, for receiver.

Furth & Singer, for bankrupt.

Samuel Dickson, Arthur G. Dickson, and James McMullan, for Fourth Street Nat. Bank.

HOLLAND, District Judge. In this case the bankrupts were threatened with criminal prosecution. There were a number of claims held by relatives of the bankrupts which were disputed, and it was alleged that a number of payments and transfers of property within four months of the time of filing the petition in bankruptcy were preferential and recoverable by the trustee. The assets of the estate were appraised at $22,700. This was a very small percentage of the total liabilities, which amounted to the sum of $237,500. The trustee and creditors, anxious to increase the assets of the estate with the least possible cost and delay, and the bankrupts, equally solicitous to secure immunity against prosecution, entered into an agreement with others, bearing date the 9th day of March, 1906, by which it is stipulated that certain transfers of property shall be returned to the trustee, and, in addition, a sum in cash should be raised by the friends and relations of the bankrupts, to be paid to the trustee, and certain claims over which the bankrupts had some control should be withdrawn from the estate, in consideration of which the trustee stipulated not to furnish any evidence against the bankrupts in any criminal prosecution, and other parties agreed not to institute such prosecutions.

The primary object of the trustee in entering into this contract was,

no doubt, to increase the assets of the estate for the benefit of the creditors, and the bankrupts, by becoming a party to it, desired to avoid the dangers of a criminal prosecution. So that we are confronted with the question as to whether this court will encourage or approve the making of an agreement to stifle the prosecution of bankrupts for any violation of law of which they may have been guilty. It is urged the agreement enables the trustee to increase the assets of the estate. While this may be true, it would scarcely compensate for the demoralizing effect resulting from a knowledge that courts would approve compromises to suppress evidence or stop criminal prosecutions. It would encourage and protect many unfair methods resorted to by men in the commercial world, which the law has denounced as crimes. No compromises or agreements which stipulate for an immunity against criminal prosecution will be approved, however much it may in the particular case enable the trustee to increase the assets of the estate. Any agreement of compromise with reference to payments or transfers held to be preferential, or any compromise with regard to claims against the estate which will increase the assets and benefit the general creditors, and be an advantage to the estate, will, of course, be approved; but if it is coupled with any agreement not to furnish evidence in a criminal prosecution against the bankrupts, or in any way to stifle a prosecution that may be contemplated, the court will not approve the agreement.

The sum of $19,189.80 was raised by parties entirely outside of the bankrupts, and paid in cash to the trustee, with direction to appropriate the same to the payment of a certain percentage on certain claims, and the balance to the general creditors, and it is now urged that the court should order that the directions as to how this sum should be appropriated should be disregarded by the trustee, and make an order upon him to appropriate the entire amount to the general creditors, so that each shall have his proportionate share. We have already held that this court will not approve this agreement, because it involves a compromise on the question of a criminal prosecution, and as the payment of this amount to the trustee was made by third parties, and was part of it, the court will not interfere in any manner with its disposition.

The referee's approval, therefore, of this agreement, and his order directing the trustee to carry it into effect, is not approved, and the petition of the trustee for the approval of the same is denied.